1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11    ELIDIA G.,[1]                        Case No. 8:22-cv-01722-MAA

12                    Plaintiff,

13          v.                             **MEMORANDUM DECISION AND
                                           ORDER REVERSING DECISION OF
14                                         THE COMMISSIONER AND
                                           REMANDING FOR FURTHER
15    KILOLO KIJAKAZI, Acting              ADMINISTRATIVE PROCEEDINGS
      Commissioner of Social Security,
16
                    Defendant.
17

18

19          On September 21, 2022, Plaintiff filed a Complaint seeking review of the

20    Commissioner's final decision denying her claim for a period of disability and

21    disability insurance benefits under Title II of the Social Security Act.  This matter is

22    fully briefed and ready for decision.  For the reasons discussed below, the

23    Commissioner's final decision is reversed, and this matter is remanded for further

24    administrative proceedings.

25    \\\

26    _____
      [1]  Plaintiff's name is partially redacted in accordance with Federal Rule of Civil
27    Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
      Administration and Case Management of the Judicial Conference of the United
28    States.

**ADMINISTRATIVE HISTORY**

On July 12, 2017, Plaintiff protectively filed an application for a period of disability and disability insurance benefits.  (Administrative Record ("AR") 336.)  Plaintiff alleged that she was disabled beginning on December 23, 2015, due to fibromyalgia, cervicalgia, dorsalgia, spinal stenosis, a problem in the cervical regional area, dropping things from her hands, pain, neck pain, and problems with moving.  (AR 83-84, 96.)  After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 151-53.)  At a hearing held on December 12, 2019, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 61-73.)

On January 13, 2020, the ALJ issued a decision denying Plaintiff's disability claim.  (AR 113-22.)  On November 12, 2020, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for further proceedings.  (AR 130-32.)  On July 29, 2021, at a hearing at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 45-60.)

In a decision dated August 11, 2021, 2020, the ALJ denied Plaintiff's disability claim after making the following findings under the agency's five-step disability evaluation.  (AR 23-36.)  Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of December 23, 2015 through her date last insured of December 31, 2020.  (AR 25.)  She had severe impairments consisting of fibromyalgia, cervicalgia with bilateral radiculopathy, lumbar degenerative disc disease, gastritis, osteoarthritis in the feet/ankle, and quadriceps tendinitis.  (*Id*.)  She did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  (AR 26.)  She had a residual functional capacity for light work with, as relevant here, an ability to stand/walk for six hours in an eight-hour workday and the ability to use a

cane for ambulation outside the work area. (AR 26.) She could perform her past relevant work as a packager. (AR 35.) In sum, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from December 23, 2015, the alleged onset date, through December 31, 2020, the date last insured. (*Id.*)

On September 19, 2022, the Appeals Council denied Plaintiff's request for review. (AR 1-9.) Thus, the ALJ's most recent decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties' dispute involves the following issues:

1.     Whether the ALJ properly considered Plaintiff's allegations regarding her pain and limitations;

2.     Whether the ALJ properly considered the opinion of Dr. Karamlou, the Consultative Examiner; and

3.     Whether the ALJ properly considered the need for a cane including the consistency of the opinions supporting the need for a cane.

(ECF No. 19, Parties' Joint Stipulation ("Joint Stip."), at 2.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson*, 402 U.S. at 401.  The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Three, based on the ALJ's assessment of Plaintiff's need for a cane.  Because remand is warranted on this basis, it is unnecessary to address Plaintiff's remaining arguments.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## I.      Plaintiff's alleged need for a cane (Issue Three).

### A.      Applicable law.

A claimant's residual functional capacity ("RFC") represents the most she can do despite her limitations.  20 C.F.R. § 404.1545(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996).  An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant."  *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original).  An ALJ will assess a claimant's RFC "based on all of the relevant medical and other evidence."

20 C.F.R. § 404.1545(a)(3). In particular, an ALJ's RFC assessment "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8P, 1996 WL 374184, at *7.

For claims, such as Plaintiff's claim, filed on or after March 27, 2017, an adjudicator "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). "For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

The adjudicator "will articulate in [his or her] determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 404.1520c(b). "The factors of supportability . . . and consistency . . . are the most important factors[.]" 20 C.F.R. § 404.1520c(b)(2). Thus, the adjudicator "will explain how [he or she] considered the supportability and consistency factors[.]" *Id*.

Finally, a claimant's RFC may be eroded by her need to use a hand-held assistive device such as a cane. *See* SSR 96-9P, 1996 WL 374185, at *7. Thus, an ALJ must consider a claimant's need to use a hand-held assistive device that is "medically required." SSR 96-9P, 1996 WL 374185, at *7.

\\\

\\\

\\\

**B.      Background.**

Three physicians stated that Plaintiff needed to use a cane.  First, Dr. Karamlou, a physician who examined Plaintiff on behalf of the agency, offered an opinion stating that Plaintiff "came to the clinic walking with a cane and she needs one for the ambulation.  However, she is able to walk without a cane for short distances." (AR 838.)  Second, Dr. Garcia, Plaintiff's primary care physician, offered an opinion stating that Plaintiff needed a cane for ambulation and that Plaintiff could be on her feet for a total of one to two hours in an eight-hour workday.  (AR 965.)  Third, Dr. Yen, Plaintiff's podiatrist, submitted two opinions stating that Plaintiff needed an assistive hand-held device for ambulation.  (AR 968, 1273.)

For purposes of Plaintiff's claim, it is necessary to focus only on Dr. Yen's second opinion.  In that opinion, Dr. Yen stated that a cane was necessary for all standing and walking; that Plaintiff could not stand and walk without the assistance of a device, even for short distances during brief periods as in an office setting; and that Plaintiff could be on her feet for a total of one hour in an  eight-hour workday. (AR 1273.)  Before submitting this opinion, Dr. Yen had treated Plaintiff for more than three years for foot pain, with cortisone injections to Plaintiff's feet every three or four months.  (AR 840, 842, 846, 850, 855, 961, 971, 975, 1005, 1007, 1009, 1263, 1265.)

In addition to Dr. Yen, two other physicians treated Plaintiff for pain management.  First, Dr. Richter treated Plaintiff for cervical pain.  (AR 1099.)  Dr. Richter did not report problems in Plaintiff's lower extremities.  (AR 1100.)  Second, Dr. Ho treated Plaintiff for "wide spread myalgia" and pain in the neck, upper limbs, and back.  (AR 689, 1033, 1062.)  Dr. Ho observed that Plaintiff's gait and stance were normal.  (AR 691, 1035.)

The ALJ found unpersuasive Dr. Yen's opinion about the need for a cane and did not incorporate it in the RFC assessment.  (AR 34.)  Instead, the ALJ's RFC

assessment for light work contemplated the "use of a cane for ambulation outside the work area."  (AR 26.)

### C.      Analysis.

#### 1.      Adequate medical documentation.

As an initial matter, the Commissioner argues that the ALJ did not err in assessing any of the medical evidence relating to Plaintiff's need for a cane because the record lacked any medical documentation "describing the circumstances for which [a cane] is needed[.]"  (Joint Stip. at 38.)  Under SSR 96-9P, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and *describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain, and any other relevant information)*."  SSR 96-9P, 1996 WL 374185, at *7 (emphasis added).

Contrary to the Commissioner's argument, Dr. Yen's opinion did describe the circumstances for which Plaintiff needed a cane.  In that opinion, Dr. Yen stated that a cane was necessary for *all* standing and walking, that Plaintiff could not stand and walk without a cane for even short distances in an office setting, and that Plaintiff could be on her feet for a total of one hour in an eight-hour workday.  (AR 1273.)  These statements were sufficiently specific to describe the circumstances for which a cane would be needed, *i.e.*, for all standing and walking during an eight-hour workday.  *See* SSR 96-9P, 1996 WL 374185, at *7 (listing a circumstance for which a cane would be needed as "all the time").  Thus, Dr. Yen's opinion qualified as medical documentation, as defined by SSR 96-9P, of Plaintiff's need for a cane.

\\\

\\\

### 2.   Persuasiveness of Dr. Yen's opinion.

Because Dr. Yen's opinion sufficiently described the circumstances for which Plaintiff needed to use a cane, the ALJ was required to explain why the opinion was not adopted in the RFC assessment. *See* SSR 96-8P, 1996 WL 374184, at *7. The ALJ gave the following explanation for why Dr. Yen's opinion was unpersuasive:

> The undersigned finds Dr. Yen's opinion unpersuasive because it is not supported or consistent with the records as a whole. As discussed above, Dr. Yen's physical exam noted only pain on palpation of the dorsal aspect of both midfoot along the midtarsal joints and equinus deformity in both ankles, but there was no tenderness in the bilateral ankles and there was no evidence of weakness or atrophy bilaterally, she has intact sensation, and normal reflexes (Ex. 23F/3; 24F; 27F/4; 45F) [AR 971, 973-75, 1006, 1261-65]. Although Dr. Yen submitted an authorization for a cane in September 2019, her treating notes do not mention the claimant continues to use or requires use of a cane to ambulate (See 23F; 24F; 27F) [AR 969-75, 1003-14]. In her treating notes, Dr. Yen continues to recommend orthotic therapy, a topical prescription for pain, and recurrent cortisone injections every 3 months, but did not indicate that she needed to continue using a cane to ambulate (Ex. 23F; 24F; 27F/5; 45F) [AR 969-75, 1007, 1261-65]. In addition, her opinion is not consistent with the physical exams of Dr. Richter which noted that the claimant had normal, tandem gait and normal balance, and had normal motor strength in the upper and lower extremities, normal reflexes, negative straight leg raising, and intact sensation (Ex. 30F/4) [AR 1101]. Dr. Ho also noted that the claimant had no neurological deficits and had normal gait and stance, had

\\\

1    normal range of motion in the upper extremities, knees, hips, and

2        ankles (Ex. 28F/20-26, 31; 44F/3, 8) [AR 1034-40, 1045, 1247, 1252].

3    (AR 34-35.)

4        The Court reviews the ALJ's evaluation of Dr. Yen's opinion for substantial

5    evidence for the factors of supportability and consistency.  *See Woods*, 32 F.4th at

6    787.  Each factor is considered in turn.

7

8                    **a.    supportability.**

9        "Supportability means the extent to which a medical source supports the

10   medical opinion by explaining the 'relevant . . . objective medical evidence.'"

11   *Woods*, 32 F.4th at 791 (ellipsis in original) (quoting 20 C.F.R. § 404.1520c(c)(1)).

12

13                   **i.    objective medical evidence.**

14       Dr. Yen explained the objective medical evidence as the basis for her opinion

15   that Plaintiff needs to use a cane.  (AR 1278.)  When asked what the medical

16   indication for a cane was, Dr. Yen responded that Plaintiff had chronic bilateral

17   food pain, arthritis in both feet, and fibromyalgia.  (*Id*.)  When asked what evidence

18   her opinion was based upon, Dr. Yen responded that she had relied on clinical

19   findings as well as "MRI and xray findings."  (*Id*.)  As to the clinical findings, Dr.

20   Yen had found abnormalities during all of her musculoskeletal examinations of

21   Plaintiff's feet, such as "severe pain on palpation of the dorsal aspect of both

22   midfoot along the midtarsal joints," "equinus deformity of both ankles," and foot

23   pain that was "diffuse (dorsal, medial, lateral, bilateral heels)."  (AR 971, 974,

24   1006, 1265.)  As to the MRI and xray findings, Dr. Yen had diagnosed

25   osteoarthritis of the feet and ankles.  (AR 1263.)

26       The ALJ found that Dr. Yen's opinion was not supported by the objective

27   medical evidence.  (AR 34.)  Specifically, the ALJ found the opinion unsupported

28   because "there was no tenderness in the bilateral ankles and there was no evidence

1    of weakness or atrophy bilaterally, she has intact sensation, and normal reflexes[.]"

2    (*Id.* (citing AR 971, 973-75, 1006, 1261-65).)

3         "We recognize that the ALJ is responsible for determining credibility,

4    resolving conflicts in medical testimony, and for resolving ambiguities." *Reddick*,

5    157 F.3d at 722 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

6    Nonetheless, an ALJ's evaluation of a medical opinion will be supported by

7    substantial evidence only if it reflects a thorough reading of the opinion. *Widmark*

8    *v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (citing *Edlund v. Massanari*, 253

9    F.3d 1152, 1159 (9th Cir. 2001)).  Here, it is not apparent from the ALJ's

10   evaluation of Dr. Yen's opinion why Dr. Yen's multiple objective findings—such

11   as her diagnosis of osteoarthritis of the feet and ankles and her clinical findings of

12   severe or diffuse pain in the feet—were not enough to support Dr. Yen's opinion

13   that Plaintiff needed to use a cane.  It is not apparent why that opinion was

14   invalidated by the absence of tenderness, weakness, atrophy, intact sensation, and

15   normal reflexes.  *See Widmark*, 454 F.3d at 1067 (holding that a physician's report

16   about a claimant's limited ability to use his hands was not invalidated by the

17   physician's remark that the claimant "can grasp and manipulate articles in his right

18   and left hand" where the report in its entirety was otherwise supported by several

19   medical findings supporting limited use of the hands).

20        In sum, a thorough reading of Dr. Yen's report reveals that Dr. Yen offered

21   multiple reasons based on objective medical evidence for why Plaintiff needed a

22   cane.  Thus, substantial evidence does not support this finding as to supportability.

23

24                    **ii.    failure to mention a cane in notes.**

25        The ALJ also found that Dr. Yen's opinion was unsupported by her treatment

26   notes because the notes did not mention Plaintiff's use of or need for a cane.  (AR

27   35 (citing AR 969-75, 1003-14, 1261-65).)

28   \\\

"Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).  "However, in conducting our review, we 'must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).  Here, Dr. Yen's failure to mention a cane in her treating notes, after having prescribed the cane, was not substantial evidence for an inference that her opinion about the need for a cane was unsupported.  Rather, a review of Dr. Yen's treating notes as a whole reveals other information pointing to Plaintiff's continued need for a cane to ambulate.  Specifically, Dr. Yen repeatedly observed that Plaintiff, after receiving both a prescription for a cane and several cortisone injections to her feet, continued to experience pain that was worse with ambulation.  (AR 854, 960, 970, 974, 1004, 1006, 1008, 1262, 1264.)  Given these repeated observations of pain upon ambulation, Dr. Yen's failure to mention a cane was not substantial evidence that Dr. Yen believed a cane was unnecessary.

In sum, what Dr. Yen said or did not say in her treatment notes failed to support a reasonable inference that Dr. Yen believed a cane was unnecessary. Thus, substantial evidence does not support this finding as to supportability.

### b.    consistency.

"Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 791-92 (ellipsis in original) (quoting 20 C.F.R. § 404.1520c(c)(2)).  Here, the ALJ found Dr. Yen's opinion about Plaintiff needing a cane was inconsistent with the physical exams of Dr. Richter and Dr. Ho, who did

1   not find that Plaintiff had problems with standing or walking.  (AR 35 (citing AR

2   1101, 1034-40, 1045, 1247, 1252)).)

3          Evidence of Plaintiff's ability to walk in the confines of a doctor's office

4   during medical appointments, however, is not substantial evidence that Plaintiff did

5   not need a cane when she had to walk for longer periods and distances during an

6   eight-hour workday.  *See Kari W. v. Commissioner, Social Security Administration*,

7   485 F. Supp. 3d 1278, 1283 (D. Or. 2020) ("An individual can present with a

8   normal gait within the confines of a doctor's office exam and still struggle to walk

9   longer distances."); *Sonja S.R. v. Berryhill*, 2018 WL 3460165, at *9 (C.D. Cal.

10  July 16, 2018) ("The fact that plaintiff exhibited a steady gait at the doctor's office

11  and normal range of motion in her extremities did not mean plaintiff did not suffer

12  from lower extremity pain.").  Thus, Dr. Richter's and Dr. Ho's unremarkable

13  observations of Plaintiff's gait and lower extremities during medical visits were not

14  inconsistent with Dr. Yen's opinion about the need for a cane in the workplace.

15         Moreover, Dr. Richter and Dr. Ho did not treat Plaintiff for pain in her feet.

16  Rather, Dr. Richter treated Plaintiff for cervical pain (AR 1099), while Dr. Ho

17  treated Plaintiff for wide-spread myalgia and pain her in her neck, upper limbs, and

18  back (AR 689, 1033, 1062).  Based on these facts, it is reasonable that Dr. Richter

19  and Dr. Ho would have focused on the areas of pain complaints for which Plaintiff

20  visited them, rather than on the question of whether Plaintiff needed a cane.  *See*

21  *Widmark*, 454 F.3d at 1068 ("It is reasonable, based on these facts, to expect that

22  [the physicians] focused their attention on the subject of [the claimant's] complaint,

23  i.e., his neck and back.").  Indeed, neither Dr. Richter nor Dr. Ho ever gave a

24  specific opinion on whether Plaintiff needed a cane.

25         Finally, even assuming that inferences could be drawn from Dr. Richter's

26  and Dr. Ho's treatment notes on the question of whether Plaintiff's needed a cane,

27  their notes on the whole would not have demonstrated an inconsistency with Dr.

28  Yen's opinion that Plaintiff did need a cane.  In his notes, Dr. Richter observed that

Plaintiff's pain symptoms were worsened by walking.  (AR 1099, 1103.)  In his

notes, Dr. Ho observed, in the context of Plaintiff's fibromyalgia, moderate

tenderness or trigger points on the lower body.  (AR 1035, 1040, 1045, 1050.)

These observations were not inconsistent with Dr. Yen's observations that a cane

was medically indicated because Plaintiff had chronic bilateral foot pain, arthritis in

the feet, and fibromyalgia.  (AR 1278.)

In sum, Dr. Richter's and Dr. Ho's notes revealed little information to rebut

Dr. Yen's opinion that Plaintiff needed a cane.  Thus, substantial evidence does not

support this finding as to consistency.


### D.    Conclusion.

Dr. Yen's opinion qualified as medical documentation establishing the need

for a cane and describing the circumstances for which it was needed.  Substantial

evidence did not support the rejection of that opinion.  Thus, reversal is warranted.


## II.    Remand for further administrative proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for

an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*,

808 F.3d 403, 407 (9th Cir. 2015) (citations omitted).  "The district court must first

determine that the ALJ made a legal error, such as failing to provide legally

sufficient reasons for rejecting evidence." *Id.*  "If the court finds such an error, it

must next review the record as a whole and determine whether it is fully developed,

is free from conflicts and ambiguities, and all essential factual issues have been

resolved." *Id.* (citation and internal quotation marks omitted).

Here, inconsistencies in the record warrant remand to the agency for further

administrative proceedings. *See Dominguez*, 808 F.3d at 410 (holding that the

existence of inconsistencies, conflicts, and gaps in the record required further

administrative proceedings).  For example, Dr. Yen made inconsistent statements

about when Plaintiff began to need an assistive device and about whether a cane by itself would be sufficient.  (*Compare* AR 968 [stating that Plaintiff needed both a cane and a walker since September 2019]; *with* AR 1273 [stating that Plaintiff needed a cane only since October 2017].)  Moreover, Plaintiff requests remand to the agency for further consideration of the issue of Plaintiff's need for an assistance device.  (Joint Stip. at 38.)  The proper remedy in these circumstances is remand for reconsideration of the evidence about Plaintiff's need for a cane.  And because outstanding factual issues remain, none of the evidence discussed in this case is credited as true.  *See Dominguez*, 808 F.3d at 409 ("If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings.") (citing *Treichler*, 775 F.3d at 1105-06).

      Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here.  It is not the Court's intent to limit the scope of the remand.

# ORDER

      It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: June 5 , 2023

_____

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE